[Cite as *Wynn v. Duke Energy Ohio, Inc.*, 2014-Ohio-3464.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARVIN WYNN, | : | APPEAL NO. C-130781 |
| | | TRIAL NO. A-1105041 |
| PARTHENIA WYNN, | : | |
| | | *O P I N I O N.* |
| JEWELL D. WYNN, | : | |
| and | : | |
| MARIA WYNN, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| DUKE ENERGY OHIO, INC., | : | |
| ADLETA, INC., | : | |
| CITY OF CINCINNATI, | : | |
| BOARD OF COUNTY COMMISSIONERS, HAMILTON COUNTY, OHIO, | : | |
| and | : | |
| HOWELL CONTRACTORS, INC., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  August 13, 2014

*Gary F. Franke Co., L.P.A.*, *Gary F. Franke* and *Michael D. O'Neill*, for Plaintiffs-Appellants,

*Minnillo & Jenkins Co., L.P.A.*, and *John J. Williams*, for Defendant-Appellee Duke Energy Ohio, Inc.,

*McCaslin, Imbus & McCaslin*, *Thomas Gruber* and *Michael P. Cussen*, for Defendant-Appellee Adleta, Inc.,

*Terrance A. Nestor*, Interim City Solicitor, and *Shuva J. Paul*, Assistant City Solicitor, for Defendant-Appellee City of Cincinnati,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *David T. Stevenson*, Assistant Prosecuting Attorney, for Defendant-Appellee Board of County Commissioners, Hamilton County, Ohio,

*Lape & Aylor, P.S.C.*, *Kathleen S. Lape* and *Jeffrey R. Aylor*, for Defendant-Appellee Howell Contractors, Inc.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    The plaintiffs-appellants in this action had some serious bad luck: they were driving down the road one night, their car passed over a metal plate in the road, the plate somehow shifted, and the car fell into the hole.  The car was damaged, and the occupants of the car were injured.

{¶2}    The driver and passengers sued everyone they could think might be responsible—the city and county in which the accident occurred, a couple of contractors whom they suspected were doing work in the vicinity, and a utility company.  Discovery was conducted, and at the close of discovery all the defendants moved for summary judgment—each setting forth evidence that they had not put the metal plate in the road, and, therefore, the accident was not their fault.  In response, the plaintiffs argued that due to the circumstances of the accident, one of the defendants had to be responsible, and, thus, there existed a genuine issue of material fact for trial.

{¶3}    The trial court granted summary judgment to all defendants.  We affirm that judgment on this appeal.  The plaintiffs' speculation about who might have caused the accident was not sufficient to overcome the evidence presented by each defendant that it was not responsible for the plate.  Nor was there a viable claim against the city, because there was no evidence that the city knew of the problem with the plate prior to the accident.

### *A Whodunnit Mystery*

{¶4}    The accident occurred on May 13, 2010, when Marvin, Parthenia, Jewell and Maria Wynn ("the Wynns") were in a car heading north on Winton Road in the city of Cincinnati (the "city").  The car hit a large metal plate, which unexpectedly shifted and dropped the car into a ditch.  Both tires of the car were damaged, and the rear axle

broken. Following the accident, Marvin complained of back pain, and Jewell and Parthenia neck pain. Parthenia and Jewell were transported to Mercy Hospital.

{¶5} Marcus Potter, a city employee, was dispatched to the scene to adjust the shifted plate. Because the plate was too heavy for him to lift, Mr. Potter called Duke Energy Ohio, Inc. ("Duke"), to request a hoist truck to move the plate. According to Mr. Potter, the plate was not marked as belonging to any company, but he had seen contractors that he believed worked with Duke in the area in the days before the accident. Mr. Potter was unable to confirm that the plate belonged to Duke.

{¶6} The Wynns filed a complaint for negligence, which, as amended, stated claims against Duke, Adleta, Inc., Howell Construction Co. ("Howell"), Hamilton County and the city of Cincinnati. The theory was that one of the five defendants, all of whom had construction projects in the general area, was responsible for the metal plate. The Wynns alleged that the accident had occurred in or around 4750 Winton Road, and that all of the defendants had negligently maintained work site premises in and around 4750 Winton Road. In response to interrogatories from Howell, the Wynns included a photograph of the site of the accident and a police report that stated the accident occurred at 4750 Winton Road.

{¶7} The parties conducted limited discovery. Written discovery was exchanged, but the only witnesses deposed were Mr. Potter and another city employee. The Wynns did not seek deposition testimony from representatives of any of the other defendants.

{¶8} All of the defendants moved for summary judgment. Each one offered evidence that it had not placed the metal plate at the site of the accident. Duke submitted the affidavit of one of its inspectors, Michael McAlpin. According to Mr. McAlpin, Duke had been involved with a cast-iron gas main replacement project from

4

January 2010 to March 2010. The project excavations, which ended approximately 100 yards south of the site of the Wynns' accident, "were predominately in the sidewalk area[,] and the project did not necessitate a great deal of street excavation that would have utilized trench plates." Mr. McAlpin further stated that "[a]fter the accident I confirmed that the trench plate in question did not belong to Duke Energy because it was not marked and we have no record of leaving plates out overnight as is required by the permit [with the city of Cincinnati]."

{¶9}    In his affidavit, Robert Adleta, vice president of Adleta, Inc., stated that the accident site that the Wynns had submitted a photograph of was at the property line of 4736 and 4750 Winton Road. According to Mr. Adleta, the company was not performing any work at the site at the time of the accident, but rather was working in an area to the south.

{¶10}    Hamilton County filed the affidavit of Todd Kinskey, Director of Planning and Development for the county. Mr. Kinskey stated that, in 2010, "with the exception of sewer projects that were performed under the control of the Metropolitan Sewer District, there were no public works projects [] performed in the vicinity of 4750 Winton Road * * * on behalf of Hamilton County[.]"

{¶11}    Paul Bricking, vice president of Howell, averred that Howell had performed work on Winton Road for the Metropolitan Sewer District, but that work did not begin until June 2010. Mr. Bricking also stated that Howell had not performed any work in the area photographed by the Wynns. Mr. Bricking's affidavit was corroborated by the affidavit of Greg Howard, a repair supervisor for the Metropolitan Sewer District.

{¶12}    The city responded to interrogatories posed by the Wynns that neither it nor its contractors were performing work at 4750 Winton Road. Joe Toole, a construction inspector for the Greater Cincinnati Water Works, stated in his deposition

that the city had contracted with Adleta, Inc., for the installation of a water main on Winton Road, and that the project was south of 4750 Winton Road. Joe Walter, an engineer in the department of transportation, averred that the city had received no complaints of road defects near 4750 Winton Road before the Wynns' accident.

{¶13}   In opposition to summary judgment, the Wynns offered no evidence contrary to that presented by the defendants. Nor did they file an affidavit pursuant to Civ.R. 56(F) seeking to conduct additional discovery. Rather, the Wynns argued that all of the defendants were doing work somewhere in the general vicinity of the accident, and though each denied doing work in the specific area, one of them had to be responsible. Thus, the Wynns argued, there existed a genuine issue of material fact for trial as to who was the responsible party. The Wynns also moved for a partial summary judgment against the city, arguing that the city was negligent for failing to keep the road in good repair. The trial court granted summary judgment to all the defendants and denied the Wynns' motion.

### Summary Judgment was Proper

{¶14}   The Wynns' sole assignment of error is that the trial court erred when it granted summary judgment to the defendants. Entry of summary judgment is appropriate against a party who fails to establish the existence of an element essential to the party's case upon which the party bears the burden of proof at trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The evidence presented in a motion for summary is to "be construed in the [nonmovant's] favor." Civ.R. 56(C). But "[w]hen a motion for summary judgment is made and supported as provided in [Civ.R. 56], an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as

6

otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶15}   In their negligence action, the Wynns had to prove that the defendants owed the Wynns a duty, that defendants breached that duty and that the breach proximately caused injury to the Wynns. *Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 113 N.E.2d 629 (1953), paragraph three of the syllabus. Here, each of the defendants met their burden under Civ.R. 56(F) by identifying portions of the record showing that they had not breached any duty to plaintiffs—that is, that they had not placed the metal plate. *See Dresher* at 293. Once the defendants met this burden, the Wynns were required to set forth some evidence that one or more of the defendants were responsible. *Id.* They completely failed to do so. Rather, they simply argued that an accident occurred and the defendants were the most likely suspects. But "[m]ere speculation or possibility is not enough to defeat a summary judgment motion." *Allstate Ins. Co. v. Sears & Roebuck Co.*, 7th Dist. Belmont No. 06 BE 10, 2007-Ohio-4977, ¶ 74, citing *Stinson v. England*, 69 Ohio St.3d 451, 457, 633 N.E.2d 532 (1994).

{¶16}   In addition to the argument discussed above, the Wynns also argue that the court should not have granted summary judgment to the city because the city had a duty to keep public roads in repair and to remove obstructions from public roads. *See* R.C. 723.01 and 2744.02(B)(3). But liability for a city's failure to keep its streets in repair "cannot arise except upon proof either that its agents or officers actually created the faulty condition from which injury resulted or that it had notice thereof, actual or constructive." *Cleveland v. Amato*, 123 Ohio St. 575, 176 N.E. 227 (1931), syllabus. *See Todd v. Cleveland*, 8th Dist. Cuyahoga No. 98333, 2013-Ohio-101, ¶ 20. Here, the Wynns have presented no evidence that the city was responsible

for the placement of the metal plate at the site of the accident, or that it had any notice about slippage of the plate before the accident. The court properly granted summary judgment. The sole assignment of error is overruled, and we affirm the judgment of the trial court.

Judgment affirmed.

**HILDEBRANDT, P.J.,** concurs.
**HENDON, J.,** concurs in part and dissents in part.

**HENDON, J.,** concurring in part and dissenting in part.

{¶17} Because I find disingenuous the city's assertion that it did not know who was responsible for the placement of the plate at the site of the accident, I would reverse the trial court's judgment as to the city. The city should be held responsible for knowing which contractors are doing projects on its streets and where the projects are located.

Please note:

The court has recorded its own entry on the date of the release of this opinion.