[Cite as *Wells Fargo Bank, N.A. v. Braunskill*, 2015-Ohio-273.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS THE INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-6 1100 VIRGINIA DRIVE FORT WASHINGTON, PA 19034, | : : : : : | APPEAL NO. C-140014 TRIAL NO. A-1106628 *O P I N I O N.* |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | : | |
| RONELL BRAUNSKILL, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| MORTGAGE ELECTRONIC REGISTRATON SYSTEMS, INC., et al., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed from is:  Affirmed

Date of Judgment Entry on Appeal:  January 28, 2015

*McGlinchey Stafford PLLC*, *Melany K. Forntanazza* and *James S. Wertheim*, for Plaintiff-Appellee,

*Dann, Doberdruk & Harshman, LLC*, and *Marc E. Dann*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}    Defendant-appellant Ronell Braunskill appeals the entry of summary judgment for plaintiff-appellee Wells Fargo Bank, N.A., as Indenture Trustee under the Indenture relating to IMH Assets Corp., Collaborated Asset-Backed Bonds, Series 2005-6 ("Wells Fargo") in a foreclosure action.  For the reasons that follow, we affirm.

### Background Facts and Procedure

{¶2}    In 2005, Braunskill purchased a home on Thomas Court in Cincinnati. To finance the purchase, Braunskill executed a note in the amount of $149,600 to Intervale Mortgage Corporation ("Intervale").   The note, later modified by agreement, was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Interval and its successors and assigns, executed on the same day.  On August 16, 2011, MERS assigned the mortgage to Wells Fargo, and that assignment was recorded on August 24, 2011, prior to the filing of Wells Fargo's complaint.

{¶3}    In January 2011, Braunskill defaulted on her repayment obligations as the borrower under the note and mortgage.  As provided in the note and mortgage, Wells Fargo accelerated repayment of the note.  The principal due was $160,161.77 plus interest at the rate of four percent per year from January 1, 2011, along with costs and expenses.

{¶4}    On August 24, 2011, Wells Fargo filed this action against Braunskill, seeking judgment on the note and foreclosure on the mortgage.  Wells Fargo claimed that it was the "holder" of the note secured by the mortgage.  It attached a copy of the note, the mortgage, and the assignment of mortgage to the complaint.   These

2

documents reflect that on August 16, 2011, the mortgage had been properly assigned to Wells Fargo by MERS. The note, however, contained no endorsement. Wells Fargo also alleged that it had "complied with all conditions precedent."

{¶5} Because Braunskill did not answer the complaint, Wells Fargo moved for a default judgment and filed an affidavit detailing the account status. The affidavit was authored by Albert Augustine, an "authorized officer" of GMAC Mortgage, LLC ("GMACM"), the servicing agent of Wells Fargo's loan at the time. After obtaining leave of court, Braunskill filed an answer in December 2012, in which she presented only general denials.

{¶6} Almost seven months later, Wells Fargo moved for summary judgment on its complaint, supported in part by an affidavit from Michael C. Johnston, a "Default Specialist" of Ocwen Loan Servicing, LLC ("Ocwen"), Wells Fargo's servicing agent and the "successor in interest" to GMACM. Johnston averred that his affidavit was based on "personal knowledge" that Wells Fargo was the current holder of the note and the assignee of the mortgage. He attached to his affidavit a copy of the note, now including three endorsements, including an endorsement by Impac Funding in blank, making the note payable to the bearer. Additionally, he attached a copy of the mortgage and assignment of mortgage. Johnston averred that these documents were "true and correct" copies.

{¶7} Johnston also averred that Braunskill was "served" with a letter notifying her of her default and the intent to accelerate the debt, and a copy of the letter was attached to his affidavit. Finally, Johnston detailed the default date of the loan and the current outstanding loan balance, plus interest as according to the note. Johnston advised that the total amount of Wells Fargo's injury, including funds that

may be advanced for items such as hazard insurance, would be ascertained at the time of the Master Commissioner's sale of the property.

{¶8} Wells Fargo also noted in its motion for summary judgment that Braunskill's answer constituted an admission of Wells Fargo's compliance with all conditions precedent because she had failed to deny with specificity and particularity Wells Fargo's general allegation of compliance, as Civ.R. 9(C) required.

{¶9} Braunskill opposed summary judgment on three grounds, and filed her own affidavit in support. She contended that Johnston's affidavit was not sufficient evidence to establish three facts: (1) that Wells Fargo was the holder of the note, and thus, the real party in interest, because Johnston's affidavit did not create a reasonable inference that he had personal knowledge of that fact; (2) the amount of the "injury," because Johnston did not clarify whether hazard-insurance premiums had been or would be advanced and Braunskill stated in her affidavit that she was current on her insurance-premium obligations; and (3) that Wells Fargo had complied with the conditions precedent to acceleration of the debt, because Johnston simply averred that Braunskill "was served" with the requisite notice by letter without identifying how service was made, and Braunskill averred that she "do[es] not recall receiving" the letter and does not possess it. Braunskill argued that this last defect warranted summary judgment in her favor.

{¶10} The magistrate issued a decision granting summary judgment for Wells Fargo and denying summary judgment for Braunskill. Pursuant to Civ.R. 53, Braunskill filed objections to the magistrate's decision. In her objections, she relied on the same three arguments that she had presented in opposing Wells Fargo's summary-judgment motion and in requesting summary judgment in her favor.

{¶11} The trial court overruled Braunskill's objections to the magistrate's decision, and entered an order adopting the decision and issuing a final decree in foreclosure. Braunskill now appeals, raising three assignments of error that challenge the grant of summary judgment for Wells Fargo.

### Standard of Review

{¶12} We review cases decided on summary judgment de novo. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Under Civ.R. 56(C), summary judgment is proper if

> (1) No genuine issue as to any material fact remains to
>
> be litigated; (2) the moving party is entitled to judgment
>
> as a matter of law; and (3) it appears from the evidence
>
> that reasonable minds can come to but one conclusion,
>
> and viewing such evidence most strongly in favor of the
>
> party against whom the motion for summary judgment
>
> is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶13} The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the movant satisfies this burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id.*

{¶14} Importantly, the nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings or mere speculation. Civ.R. 56(E); *Wynn v. Duke Energy Ohio, Inc.*, 1st Dist. Hamilton No. C-130781, 2014-Ohio-3464, ¶ 14-15. And

" '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *R & S Distrib. v. Hartge Smith Nonwovens, LLC*, 1st Dist. Hamilton No. C-090100, 2010-Ohio-3992, ¶ 18.

### Standing to File a Foreclosure Action

{¶15}     In her first assignment of error, Braunskill argues that the trial court erred in entering summary judgment because a material issue of fact remained as to whether Wells Fargo had possession of her note when the complaint was filed, where the note attached to the complaint was payable to the original lender, Intervale, and contained no endorsements.  This argument challenges Wells Fargo's standing to bring the lawsuit, and we reject it.

{¶16}  In a foreclosure action, a party lacks standing to invoke the jurisdiction of the court unless it has, in an individual or representative capacity, "some real interest in the subject matter of the action" such that it can be characterized as the actual party "who has suffered the injury."  *HSBC Bank USA, Natl. Assocs. v. Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, ¶ 11, 18, citing *Fed. Home Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 21.

{¶17}  Because standing is necessary to invoke the jurisdiction of the court, "standing is determined as of the commencement of suit by the filing of a complaint." *Id.* at ¶ 10, 18, citing *Schwartzwald*.

{¶18}  Braunskill erroneously assumes that Wells Fargo could not establish standing at the commencement of the suit as a holder because it did not attach to the

complaint the note with an endorsement in blank. But this court held in *Sherman* that a properly assigned mortgage attached to a complaint is sufficient to demonstrate a mortgagee bank's standing to bring an action in foreclosure where the assignment occurs prior to the filing of the lawsuit and certain other circumstances are present.

{¶19} In the *Sherman* case, the foreclosure complaint was filed by HSBC Bank, USA as trustee ("HSBC"), claiming that it was entitled to enforce the note and that the mortgage was given to secure the note. *Id.* at ¶ 13. The mortgage was assigned to HSBC before the filing of the complaint, and the assigned mortgage was attached to the complaint. *Id.* at ¶ 2, 4. The note attached to the complaint contained only an endorsement to Wells Fargo Bank, and not to HSBC. *Id.* at ¶ 4. But the mortgage "specifically referenced" the note executed in conjunction with it by reciting the amount due on the note, it provided that the borrower promised to pay the debt in periodic payments and in full by a certain date, and that the mortgage secured repayment of the loan and the performance of the borrower's agreements under the note. *Id.* at ¶ 13.

{¶20} Additionally, the note attached to the complaint referenced the mortgage by stating the mortgage was dated the same day as the note and that the mortgage protected the lender from losses if the borrower did not keep the promises he made in the note. *Id.* at ¶ 14.

{¶21} We held, construing these facts most strongly in favor of Sherman, that HSBC had demonstrated standing as of the commencement of its lawsuit and that no genuine issues of fact remained to be litigated. *Id.* at ¶ 12. We explained that the mortgage filed with the complaint "had sufficient specificity" to allow the defendant "to prepare a defense to the action." *Id.* at ¶ 15. And the mortgage

"referred" to the note, and the note to the mortgage, "demonstrating an intent to keep the note and mortgage together rather than transferring the mortgage alone, and establishing HSBC's interest in the note and its entitlement to enforce that instrument." *Id.* Under those circumstances, the properly assigned mortgage attached to the complaint "assured that HSBC had a personal stake in the outcome of the litigation, because it was the party to whom the damages for a breach by Sherman would flow." *Id.*

{¶22} The facts of this case are indistinguishable in this respect from those in *Sherman*. In the complaint, Wells Fargo alleged that it was a holder of the note and the mortgage was given to secure the note. The note attached to the complaint was not endorsed, but the mortgage and its proper assignment to Wells Fargo, which predated the filing of the lawsuit, was attached to the complaint. Moreover, the mortgage provided specificity, and it recited the amount due under the note, that Braunskill promised to pay the debt in periodic payments and in full by a certain date, and that the mortgage secured repayment of the loan and the performance of Braunskill's agreements under the note. Importantly, the note also referenced the mortgage by stating that the mortgage is dated the same date as the note and that the mortgage protects the "note holder" from losses if Braunskill does not keep the promises made in the note.

{¶23} Thus, the documents reflect the circumstances that we found in *Sherman* to satisfactorily demonstrate the plaintiff's standing in conjunction with the assigned mortgage. Moreover, Johnston only authenticated the note with the endorsement as the "true and correct" copy, which is wholly consistent with the document attached to the complaint and the document attached to Johnston's affidavit as comprising copies of the same note at different times. Therefore, the lack

of an explanation of the two notes does not create a genuine dispute of a material fact.

{¶24} To the extent that Braunskill is claiming a factual dispute on the issue of standing based on the lack of the endorsement on the note attached to the complaint, the dispute is not material under *Sherman*. And construing the evidence most strongly in favor of Braunskill, we hold that no genuine issues of material fact remain to be litigated and that Wells Fargo demonstrated standing as of the commencement of the suit. Accordingly, we overrule the first assignment of error.

### Compliance with Conditions Precedent Set Forth in Mortgage

{¶25} In her second assignment of error, Braunskill argues that summary judgment was improper because a genuine issue of material fact remains as to whether Wells Fargo complied with the conditions precedent to foreclose on the mortgage. She claims that in accordance with Paragraph 22 of the mortgage instrument, Wells Fargo was required to send her an "acceleration letter" to put her on notice of the default and Wells Fargo's intent to accelerate, and that her affidavit creates a dispute with respect to whether Wells Fargo properly sent her the letter. Braunskill averred that she "did not recall" receiving the letter and that she did not have it in her possession.

{¶26} Wells Fargo concedes that it was required to provide Braunskill with the acceleration letter prior to foreclosing. It contends, however, that the performance of the condition precedent was undisputedly established by Braunskill's answer, in which she failed to plead nonperformance with particularity or specificity. Wells Fargo argues in the alternative that Johnston's affidavit established that Wells Fargo satisfied the condition precedent, and that Braunskill's self-serving affidavit

9

that she did not recall receiving the letter does not create a genuine issue of material fact. Because Wells Fargo prevails on the first argument, we do not reach the second.

{¶27} Where a prior notice of default or acceleration or both is required by a provision in a note or mortgage instrument, the provision of notice is a "condition precedent" subject to the requirements of Civ.R. 9(C), which provides, "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." A defendant that fails to deny the alleged performance or occurrence in the manner provided by Civ.R. 9(C) is deemed to have admitted the performance or occurrance. *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. Butler No. CA2012-08-153, 2013-Ohio-1730, ¶ 29.

{¶28} In this case, Wells Fargo alleged in the complaint that it had complied with all conditions precedent, and Braunskill in her answer failed to deny the performance of the conditions precedent with the specificity and particularity that is required by Civ.R. 9(C). Wells Fargo noted this admission when it moved for summary judgment, notwithstanding that it also cited Johnston's affidavit to demonstrate its compliance.

{¶29} Under these facts, we conclude that Braunskill's admission, as noted by Wells Fargo in its motion for summary judgment, established that there were no genuine issues of material fact with respect to the fulfillment of the conditions precedent. Accordingly, we overrule the second assignment of error.

### *Personal-Knowledge Requirement for Affiants*

**{¶30}** In her third assignment of error Braunskill argues that the trial court erred by relying on the affidavit of Johnston in support of Wells Fargo's motion for summary judgment.

**{¶31}** Summary judgment may be appropriate where an affidavit demonstrates that there is no genuine issue as to any material fact and the opposing party fails to respond and show otherwise. Civ.R. 56(E). Among other things, the affidavit must "be made upon personal knowledge." *See* Civ.R. 56(E); *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26. *Bank of New York v. Grome*, 1st Dist. Hamilton No. C-100059, 2010-Ohio-4595, ¶ 11. " 'Personal knowledge' is 'knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' " *Bonacorsi* at ¶ 26, citing Black's Law Dictionary 875 (7th Ed.Rev.1999). This standard is the same standard that governs whether a lay witness may testify at trial. *Id.*

**{¶32}** Braunskill argues that Johnston's affidavit does not appear to be based on personal knowledge because he did not explain why the note attached to the complaint does not contain any endorsement and the note attached to, and authenticated by, his affidavit contains three endorsements.

**{¶33}** Generally, the mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981), cited in *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 15.

11

{¶34} In support of her argument, Braunskill relies on *Bank of New York Mellon Trust Co. Natl. v. Mihalca*, 9th Dist. Summit No. 25747, 2012-Ohio-567. In that case, the affiant stated that she was an assistant secretary of Barclays, which she named as the attorney in fact for the Bank of New York, and that she had personal knowledge that the Bank of New York was the holder of the note. She failed, however, to expound upon how Barclays' relationship with the Bank of New York and her position at Barclays made her familiar with the borrowers' account records. *Id.* at ¶ 3, 17.

{¶35} In this case, Johnston stated that Ocwen was the servicer for Wells Fargo. He explained that as a part of his regular performance of his job functions as a default specialist, he has access to and is familiar with the business records relating to the servicing of Braunskill's mortgage loan, he has knowledge of the manner in which the records are created, and he reviewed and relied on those records.

{¶36} A default or foreclosure specialist at the company that serviced the loan reasonably would have personal knowledge of the account, *see Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874, ¶ 21; *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 12, and can reasonably aver that the bank was in possession of the original promissory note. *See Everbank v. Vanarnhem*, 3d Dist. Union No. 14-13-02, 2013-Ohio-3872, ¶ 33, 39. Moreover, Johnston's knowledge of Wells Fargo's possession of the note is evidenced by the "true and correct copy" of the note that he attached to his affidavit and authenticated as proper evidence that could be considered in accordance with Civ.R. 56(E) and Evid.R. 803(6).

{¶37} If Braunskill wished to contend that Johnston lacked the requisite personal knowledge, she had the duty to submit an opposing affidavit setting forth

the appropriate conflicting facts. *Seminatore*, 66 Ohio St.2d at 467, 423 N.E.2d 105; *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. She did not. Absent evidence attacking his averments, he was not required to explain the lack of endorsement on the note attached to the complaint. Therefore, we reject Braunskill's argument that Johnston's affidavit was insufficient to establish Wells Fargo's possession of the note.

{¶38} Braunskill also argues, for the first time, that Johnston lacked personal knowledge to make the statements in his affidavit regarding the service of the acceleration letter because Augustine's affidavit demonstrates that Johnston's employer, Ocwen, was not the servicer of the loan when the acceleration letter was purportedly served. We have already held, however, that the pleadings established Wells Fargo's compliance with the condition precedent. Therefore, we do not address the merits of Braunskill's argument attacking the competency of Johnston's averments on the issue.

### *Attachment of Payment History to Affidavit*

{¶39} Braunskill also argues under this assignment of error that a genuine issue of material fact remained on "the issue of default" because Johnston did not attach a payment history to his affidavit. But this argument, too, is unsuccessful.

{¶40} Braunskill did not raise the issue before the magistrate or the trial court. Thus, the matter is waived except for plain error, "a doctrine that is rarely applied in civil appeals." *Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, at ¶ 22. And we conclude that plain error is not demonstrated here. Johnston averred that Braunskill was in default based on his review of the loan history documents. Braunskill did not dispute or object to the averments in Johnston's affidavit concerning the default or the amount owed on the note. And courts have held that such an averment is sufficient evidence of the default for purposes of Civ.R.

13

56, absent evidence controverting that averment. *See Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14, cited in *Perpetual Fed. Sav. Bank v. TDS2 Prop. Mgmt., LLC*, 10th Dist. Franklin No. 09AP-285, 2009-Ohio-6774, ¶ 20.

{¶41} Thus, because Braunskill failed to demonstrate that Johnston's factual assertions in his affidavit, along with the exhibits, are incompetent evidence to be relied upon in adjudicating Wells Fargo's motion for summary judgment, we overrule the third assignment of error.

## *Conclusion*

{¶42} Summary judgment was properly entered in favor of Wells Fargo, because Wells Fargo met its burden of establishing standing at the time of the commencement of the foreclosure action, and it presented evidence establishing that it is the current holder of an executed note and a properly assigned mortgage, that Braunskill defaulted in payment of the note, that it complied with any conditions precedent, and that Braunskill owes the sum of $160,161.77, plus interest. Braunskill did not present any competent evidence to refute these essential facts. Therefore, Wells Fargo demonstrated a legal right to a money judgment on the note and to a decree foreclosing Braunskill's equity of redemption in the real estate. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT** and **HENDON, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.