[Cite as *First Fin. Bank, N.A. v. Mendenhall*, 2017-Ohio-7628.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FIRST FINANCIAL BANK, N.A., | : | APPEAL NO. C-160832<br>TRIAL NO. A-1504485 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs | : | |
| MARK D. MENDENHALL, | : | |
| and | : | |
| PAMELA D. MENDENHALL, f.k.a.<br>PAMELA D. OSBORNE, | : | |
| | : | |
| Defendants-Appellants, | : | |
| and | : | |
| | : | |
| PRECISION RECOVERY ANALYTICS,<br>INC., | : | |
| STATE RESOURCES CORPORATION, | : | |
| and | : | |
| STATE OF OHIO DEPARTMENT OF<br>TAXATION, | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 15, 2017

*Lange, Quill & Powers, PLC*, and *John E. Lange IV*, for Plaintiff-Appellee,

*The Dann Law Firm*, *Brian D. Flick* and *Marc E. Dann*, for Defendant-Appellants.

**MILLER, Judge.**

{¶1}    Defendants-appellants Mark and Pamela Mendenhall appeal the entry of summary judgment for plaintiff-appellee First Financial Bank, N.A., ("First Financial") in a residential foreclosure action.  The Mendenhalls challenge the sufficiency of the evidence because First Financial did not introduce an account history into evidence.  We hold that where the mortgagor admits the amount of principal and interest due, the lender or mortgagee is not required to submit an account history to further establish the undisputed fact, and we affirm the trial court's judgment.

## Background

{¶2}    The Mendenhalls obtained a $675,000 loan secured by a mortgage on the property in 2005.  The original lender assigned the note and mortgage to First Financial.  In 2010, First Financial and the Mendenhalls executed a loan modification.

{¶3}    By January 2015, the Mendenhalls had stopped making regular payments.  First Financial sent a notice of default in June 2015, which stated that failure to remit the delinquent amount would result in the entire balance of the note being accelerated and the initiation of foreclosure proceedings.  The following month, First Financial filed this in rem foreclosure action and moved for summary judgment.

{¶4}    In their brief, the Mendenhalls asserted two assignments of error.  At oral argument they withdrew their second assignment of error.  In their sole remaining assignment of error, they argue that the trial court erred in finding that First Financial submitted admissible evidence of the amount of principal and interest due.

{¶5}     The parties agree that the Mendenhalls did not timely object to the magistrate's decision, and that this appeal is subject to review for plain error only. *See* Civ.R. 53(D)(3)(b)(iv)  ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R.  53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."). Appellate courts "must proceed with the utmost caution" when applying plain error in a civil case. *Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997) (plurality opinion).  Plain error should be limited to extremely rare cases involving exceptional circumstances that necessitate its application to avoid a manifest miscarriage of justice, and where the error, if uncorrected, would result in a material adverse effect on the character of judicial proceedings and the public confidence in the same. *Id.*

### The Bank is not Required to Submit an Account History Where the Amount of Principal and Interest Due Has Been Admitted

{¶6}     Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).  The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one

3

or more of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once this burden has been satisfied, the nonmoving party has the burden to offer specific facts showing a genuine issue for trial. *Id.*

{¶7} In order to properly obtain a judgment and decree in foreclosure on summary judgment, Civ.R. 56(C) required First Financial to prove: (1) it was the current holder or had an enforceable interest in the note; (2) it was the current holder or had an enforceable interest in the mortgage; (3) the Mendenhalls were in default on the note; (4) all conditions precedent had been met; and (5) the amount of principal and interest currently due. *See Wells Fargo Bank, N.A. v. Braunskill*, 1st Dist. Hamilton No. C-140014, 2015-Ohio-273, ¶ 42; s*ee, e.g., U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10; *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17. The only prong the Mendenhalls dispute is the amount of principal and interest due.

{¶8} In support of its motion for summary judgment, First Financial produced two affidavits from an employee, Jaye Reckers, who averred knowledge of the Mendenhalls' account, that the Mendenhalls were in default with no full payments having been made since January 30, 2015, and that the amount due was $672,675.30 plus interest at a rate of 4.96 percent per annum accruing from July 29, 2015. Copies of the note, mortgage, assignment, and a loan modification dated March 2010, all of which the affiant averred to be true and accurate, were attached to the second affidavit.

{¶9} The Mendenhalls admitted that they had not made monthly payments under the terms of the note and mortgage since approximately January 2015 and that they were in default. They conceded that by failing to respond to a request for admission they admitted that, as of July 29, 2015, the amount of principal and interest due was $672,675.30. *See* Civ.R. 36(A)(1); *Cleveland Trust Co. v. Willis*, 20

4

Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985) (holding that the failure to respond to requests for admission deems requests as admitted). Despite this admission, the Mendenhalls claim that, as a matter of law, First Financial was not entitled to summary judgment because it did not submit an account history with the other documents. As a result, they argue that First Financial failed to present admissible evidence under Civ.R. 56(C) demonstrating the amount of principal and interest due.

{¶10} To support their contention the Mendenhalls rely on three cases from our sister districts. *See Third Fed. S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, ¶ 10-11 (holding that the "[lender] needed to attach or serve with its affidavit some document or documents material to the issues in this case, to wit, the default in payment and applicable portions of the payment history"); *Countrywide Home Loans, Inc. v. Rodriguez*, 9th Dist. Lorain Nos. 03CA008345 and 03CA008417, 2004-Ohio-4723, ¶ 17 (holding that the lender was entitled to summary judgment where it submitted a payment history); *Fed. Natl. Mtge. Assoc. v. Ford*, 8th Dist. Cuyahoga No. 102395, 2016-Ohio-919, ¶ 16-20 (holding that summary judgment was improperly granted where the lender did not attach the note, mortgage, any documents evincing that all prerequisites necessary to accelerate the note had been performed, or a "loan history or relevant portions of loan histories").

{¶11} The Mendenhalls urge us to adopt a rigid rule that a lender seeking to foreclose on a property must submit an account history in order to substantiate the amount due on the note and mortgage. However, even the cases the Mendenhalls cite state that a payment history is only necessary when material to an issue in dispute. *See Farno* at ¶ 11. Here, the Mendenhalls admit the default, the date of

5

default, and the amount of principal and interest due as of July 29, 2015. Thus, an account history is not necessary to substantiate these facts.

{¶12} A number of other appellate districts have held that an account history is not always necessary. *See Wells Fargo Fin. Ohio 1, Inc. v. Robinson*, 2d Dist. Champaign No. 2016-CA-23, 2017-Ohio-2888, ¶ 17 ("In a foreclosure action, a plaintiff is not required to provide a complete 'payment history' to receive summary judgment."); *Fifth Third Mtge. Co. v. Fantine*, 5th Dist. Fairfield No. 15-CA-5, 2015-Ohio-4260, ¶ 21 ("There is no requirement that a party seeking a foreclosure submit a payment history to demonstrate entitlement to summary judgment."); *Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 40 ("There is no requirement that a plaintiff provide a complete 'payment history' in order to establish its entitlement to summary judgment in a foreclosure action."); *see also Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14 ("An affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments.").

{¶13} The note, mortgages, assignment, loan modification, and notice of default letter sent to the Mendenhalls were all attached to Reckers's second affidavit. The Mendenhalls admitted that they had not made monthly payments under the terms of the note and mortgage for some time, that they were in default, and that, as of July 29, 2015, the amount due on the note was $672,675.30. We hold that a party seeking foreclosure is not required to submit an account payment history where the borrower admits the amount of principal and interest due.

{¶14} The Mendenhalls also claim that First Financial failed to establish the date of delinquency or the interest rate due on the note and mortgage because it only included the balance due. Again, the Mendenhalls admitted that they have not made

6

monthly payments since approximately January 2015 and a balance due on a specific date shortly prior to the submission of the motion for summary judgment. Although a more precise date of default might ordinarily be necessary to calculate the amount owed, it is not material here because the Mendenhalls admit the total principal and interest due as of a post-default date. The loan modification agreement contains a rate schedule that sets forth the appropriate interest rates to substantiate the interest rate after that date. The Mendenhalls do not contest these rates or the validity of the loan modification agreement. The trial court had all the information necessary to enter judgment.

{¶15} First Financial submitted sufficient evidence to support its motion for summary judgment, and the Mendenhalls failed to meet their reciprocal burden of setting forth evidence that would create a genuine issue of material fact for trial. *See Braunskill*, 1st Dist. Hamilton No. C-140014, 2015-Ohio-273, at ¶ 42. Accordingly, we conclude that the trial court did not commit error, much less plain error, in granting summary judgment in favor of First Financial, and we overrule the Mendenhalls' sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MYERS, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

7